```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION

                                    *
HOMEWOOD VILLAGE, LLC, a
Georgia limited liability          *
company, HANCOCK PULASKI
PROPERTIES, INC., a Georgia        *
corporation, TIFFANY & TOMATO,
INC., a Georgia corporation,       *
BAXTER HARRIS INC., a Georgia
corporation, OLD SOUTH             *
INVESTMENT ENTERPRISES, LLC, a
Georgia limited liability          *
company, LUIS BONET,                      CASE NO. 3:15-CV-23 (CDL)
individually,                      *

     Plaintiffs,                   *

vs.                                *

UNIFIED GOVERNMENT OF ATHENS-      *
CLARKE COUNTY,
                                   *
     Defendant.
```

## O R D E R

The Unified Government of Athens-Clarke County ("Athens-Clarke") enacted an ordinance that imposes a charge on property owners for a stormwater management program. Plaintiffs, who have been assessed with charges under the ordinance, allege in their Complaint that the charge is an unconstitutional tax, and that by collecting the unconstitutional tax, Athens-Clarke is violating their rights under the Takings Clause of the Fifth Amendment and the Due Process Clause and Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

Homewood Village, LLC and Luis Bonet bring these claims pursuant to 42 U.S.C. § 1983, and the remaining Plaintiffs assert their claims under the Declaratory Judgment Act.  Presently pending before the Court is Athens-Clarke's motion to dismiss for lack of subject matter jurisdiction pursuant to the Tax Injunction Act, 28 U.S.C. § 1341 ("TIA").  The Court concludes that the stormwater ordinance imposes a user fee and not a tax for purposes of the Tax Injunction Act.  Athens-Clarke's motion (ECF No. 4) is therefore denied.

The parties also have filed motions for sanctions (ECF Nos. 14 and 17).  Those motions are also denied.

## STANDARD

"Attacks on subject matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'"  *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (per curiam)).  A facial attack "require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Lawrence*, 919 F.2d at 1529 (second alteration in original) (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).  "'Factual attacks,' on the other hand,

challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Menchaca*, 613 F.2d at 511). With factual attacks, "no presumptive truthfulness attaches to plaintiff's allegations." *Garcia*, 104 F.3d at 1261 (quoting *Lawrence*, 919 F.2d at 1529).

This motion involves a factual attack. In factual attacks, the Court may proceed under Rule 12(b)(1) only if the "facts necessary to sustain jurisdiction do not implicate the merits of plaintiff's cause of action." *Id.* Here, to resolve the jurisdictional issue in this dispute, the Court need only consider (1) whether the stormwater charge is a tax, as defined by federal law, and if so (2) whether an adequate remedy exists through the state courts. *See* 28 U.S.C. § 1341. The Court does not need to reach the merits of Plaintiffs' claims—whether the stormwater charge violates the Fifth Amendment or Fourteenth Amendment—to decide whether it has jurisdiction to hear those claims.

## BACKGROUND

Athens-Clarke has a stormwater management program that prevents rainfall runoff from collecting pollutants and depositing those pollutants into nearby lakes and rivers. Athens-Clarke originally funded the stormwater program with

general revenue that it received from all taxpayers.  In 2003, Athens-Clarke County concluded that its general revenue fund could not support the cost of the stormwater management program. Consequently, it adopted a stormwater management ordinance, which imposes a charge on non-exempt owners of developed property to fund the stormwater program.  Athens-Clarke bases the charge on the amount of stormwater that runs off each parcel of property.  Thus, the ordinance imposes a fee on certain citizens based on their alleged contribution to the runoff of stormwater.

Plaintiffs are owners of non-exempt developed property in Athens, Georgia.  They have refused to pay the stormwater charge because they allege that the stormwater management program does not provide them with any benefit that is not shared by the general population.[1]  Plaintiffs complain that only owners of developed property pay for the stormwater program, while all members of the community benefit from it.  Plaintiffs point to several sections of the stormwater ordinance that state that the program benefits all residents of Athens-Clarke County.  *See, e.g.*, Compl. ¶ 36(g), ECF No. 1 ("[P]rovision of stormwater management services . . . results in both service and benefit to individual properties, property owners, citizens and residents

---

[1] All Plaintiffs originally refused to pay the charge, but Homewood and Luis Bonet have since paid the charge.  The remaining Plaintiffs still have not paid the charge.

4

of Athens-Clarke County, and to all properties, property owners, citizens and residents of Athens-Clarke County . . . .").

Plaintiff Homewood Village, LLC also contends that its property does not even allow for any stormwater to run into the stormwater management system because of the manner in which its property drains. Nevertheless, Athens-Clarke still assesses Homewood for the stormwater runoff fees. Other similarly situated properties are exempt from the charge, according to Homewood.

When Homewood refused to pay the stormwater charge, Athens-Clarke sued in state court to collect the unpaid charges. In a counterclaim, Homewood argued that the stormwater charge was an unconstitutional tax. The state court found that the ordinance imposed a fee rather than a tax. And on appeal, the Georgia Supreme Court affirmed the trial court's classification of the charge as a permissible fee, not a tax. *See Homewood Vill., LLC v. Unified Gov't of Athens-Clarke Cty.*, 292 Ga. 514, 515, 739 S.E.2d 316, 318 (2013).

Additionally, Luis Bonet brings a claim under 42 U.S.C. § 1983 alleging that Athens-Clarke refused to renew his liquor license until he paid his outstanding stormwater charges. He contends that the stormwater charge is an unconstitutional tax, and that Athens-Clarke County imposed an unconstitutional condition on the renewal of his license.

5

All Plaintiffs ask the Court to declare the stormwater charge unconstitutional and to prohibit Athens-Clarke from collecting it. Homewood and Bonet also seek monetary damages.

DISCUSSION

The Tax Injunction Act states: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act applies to actions seeking to *enjoin* the assessment, levy or collection of a state tax as well as actions seeking to *declare* the assessment, levy or collection of state taxes unconstitutional. *See California v. Grace Brethren Church*, 457 U.S. 393, 407-08 (1982); *Fair Assessment in Real Estate Ass'n, Inc., v. McNary*, 454 U.S. 100, 103 (1981) (explaining that the TIA prohibits federal courts from "render[ing] declaratory judgments as to the constitutionality of state tax laws."); *Miami Herald Publ'g Co. v. City of Hallandale*, 734 F.2d 666, 672 (11th Cir. 1984) ("The Tax Injunction Act does not distinguish between statutory and constitutional claims; the district courts are without jurisdiction to review either if the dispute concerns a tax under state law and there is an adequate state remedy.").

To determine if the Tax Injunction Act applies, the Court first must consider whether the stormwater charge is a "tax

6

under State law." 28 U.S.C. § 1341. If it is, then the Court is without jurisdiction to hear the case unless the state courts lack "a plain, speedy and efficient remedy." *Id.*

The sole issue presented by Athens-Clarke's motion is whether the stormwater charge is a "tax" for purposes of the Tax Injunction Act. The Court looks to how federal law defines the term "tax" to determine if the stormwater charge is a tax. *See Robinson Protective Alarm Co. v. City of Phila.*, 581 F.2d 371, 374 (3d Cir. 1978) ("[T]he meaning of the term 'tax under state law' in 28 U.S.C. § 1341 should be determined as a matter of federal law . . . ."). The Fifth Circuit has explained:

> The classic tax sustains the essential flow of revenue to the government, while the classic fee is linked to some regulatory scheme. The classic tax is imposed by a state or municipal legislature, while the classic fee is imposed by an agency upon those it regulates. The classic tax is designed to provide a benefit for the entire community, while the classic fee is designed to raise money to help defray an agency's regulatory expenses.

*Henderson v. Stalder,* 407 F.3d 351, 356 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss. Inc. v. City of Madison*, 143 F.3d 1006, 1001 (5th Cir. 1998)). Many courts have used a three-factor test articulated by the First Circuit in *San Juan Cellular Telephone Co. v. Public Service Commission,* 967 F.2d 683, 685 (1st Cir. 1992). Those factors are: (1) Who imposed the assessment? (2) Who pays the assessment? (3) Who benefits from the assessment? *Id*. If a state or municipal legislature

7

imposed the charge on many or most of the citizens and if the funds derived from the charge are expended for the general public good, then the charge is likely a tax. *Id*. If these factors do not decisively provide guidance, then the predominant factor is the revenue's ultimate use. *Id.* "When the ultimate use is to provide a general public benefit, the assessment is likely a tax, while an assessment that provides a more narrow benefit to the regulated companies is likely a fee." *Am. Landfill Inc. v. Stark/Tuscarawas/Wayne Joint Solid Waste Mgmt. Dist.,* 166 F.3d 835, 838 (6th Cir. 1999).

Although a state court's label of a charge as a "tax" or a "fee" is not dispositive, "[s]tate law determinations as to whether a fee is a tax may still be pertinent or instructive." *McLeod v. Columbia Cty.*, 254 F. Supp. 2d 1340, 1345 (S.D. Ga. 2003) (alteration in original); see *also Tramel v. Schrader*, 505 F.2d 1310, 1315 n.7 (5th Cir. 1975) ("The proper question is not what the Texas courts have said the Texas legislature meant when it used the term [taxes] but what Congress meant when it used the term."). The Georgia Supreme Court has already analyzed the very ordinance at issue here and held that the ordinance imposes a "user fee" and not a "tax." *Homewood Vill.,* 292 Ga. at 515, 739 S.E.2d at 318.

The Georgia Supreme Court's decision was based on its finding that the Athens-Clarke ordinance imposes a charge based

on how much stormwater runoff a given property contributes. *Id.* at 515, 739 S.E.2d at 318. For example, the charge applies only to owners of developed property (not owners of undeveloped property) because undeveloped property actually absorbs, rather than collects, stormwater runoff. *Id.* Also, the cost of the stormwater service is apportioned based primarily on horizontal impervious surface area. *Id.* Secondly, the Supreme Court found that the property owners that pay the charge receive a special benefit from the stormwater service because the service treats polluted water on their properties. *Id.* Finally, the Supreme Court found that the ordinance "allows 'property owners [to] reduce the amount of the charge by creating and maintaining private stormwater management systems . . . .'" *Id.* (alteration in original) (quoting *McLeod v. Columbia Cty.*, 278 Ga. 242, 245, 599 S.E.2d 152, 155 (2004)). Based on these factors, the Georgia Supreme Court concluded that the stormwater charge was a fee, not a tax.

The Court finds the Georgia Supreme Court's analysis persuasive and notes that the factors relied on by the State court are nearly identical to those discussed in *San Juan Cellular*. Applying the *San Juan Cellular* factors to the Athens-Clarke ordinance, the second factor (who pays the assessment?) indicates that the stormwater charge is a fee because the ordinance allegedly charges only those citizens who own property

9

that collects stormwater runoff. The third factor (who benefits from the assessment?) also indicates that the ordinance is a fee, not a tax. Although all residents of Athens-Clarke County may receive some benefit from the management of stormwater runoff, those paying the charge receive a special benefit. Therefore, the Court concludes that the Athens-Clarke stormwater ordinance imposes a user fee, not a tax, for purposes of the Tax Injunction Act. Accordingly, the Act does not deprive this Court of subject matter jurisdiction.[2]

## MOTIONS FOR SANCTIONS

The parties have also filed motions for sanctions. As to Athens-Clarke's contention that Plaintiffs' claims are frivolous and therefore deserving of sanctions under Federal Rule of Civil Procedure 11 and 19 U.S.C. § 1927, the Court disagrees for the reasons discussed above. Athens-Clarke's motion is therefore denied (ECF No. 14). And while the Court finds Athens-Clarke's

---

[2] The Court recognizes that it reaches the opposite conclusion of its sister court regarding a nearly identical ordinance enacted by the Columbia County Commission. *See McLeod*, 254 F. Supp. 2d at 1348 (finding that the stormwater charge established by the Columbia County ordinance was a tax for purposes of the TIA, and that the court therefore lacked subject matter jurisdiction). The Court notes, however, that the district court in *McLeod* did not have the benefit of the Supreme Court of Georgia's interpretation of the Columbia County ordinance at the time it issued its decision. After the district court remanded the case to state court, the Georgia Supreme Court held that the Columbia County ordinance was a fee, not a tax. *See McLeod*, 278 Ga. at 245, 599 S.E.2d at 155. In fact, the Supreme Court followed its holding in *McLeod* when it decided that the Athens-Clarke stormwater charge challenged in the present case was a fee and not a tax. *See Homewood Vill.*, 292 Ga. at 514-15, 739 S.E.2d at 318.

10

motion for sanctions unconvincing, the record does not reveal that the motion was made for an improper purpose or lacked substantial justification.  The Court therefore also denies Plaintiffs' motion for Rule 11 sanctions.  (ECF No. 17).

CONCLUSION

Athens-Clarke's motion to dismiss for lack of subject matter jurisdiction is denied (ECF No. 4).  The parties' motions for sanctions (ECF Nos. 14 and 17) are also denied.  The Court concludes with two final observations.  First, today's ruling does not suggest that Plaintiffs will prevail on their claims.  It will take a legal Houdini to make a convincing argument that the stormwater charge is a fee for purposes of the TIA but a tax for purposes of analyzing its constitutionality.  Second, the Court's decision that the TIA does not deprive it of jurisdiction does not mean that the Court may not eventually dismiss this action due to comity concerns.  The "'comity doctrine' . . . 'counsels lower federal courts to resist engagement in certain cases falling within their jurisdiction.' Under this doctrine, federal courts refrain from 'interfer[ing] . . . with the fiscal operations of the state governments . . . in all cases where the Federal rights of the persons could otherwise be preserved unimpaired.'"  *Direct Mktg. Ass'n v. Brohl,* 135 S. Ct. 1124, 1133-34 (2015) (all alterations other than the first in original) (quoting *Levin v. Commerce*

*Energy, Inc.*, 560 U.S. 413, 421-22 (2010)).  But "[u]nlike the TIA, the comity doctrine is nonjurisdictional."  *Id.* at 1134.  Accordingly, the Court may later decide to dismiss this action out of concern for comity between the federal courts and state governments or upon finding that the stormwater charge is a constitutionally valid user fee.  But the TIA does not prevent this Court from exercising jurisdiction to make these determinations.[3]

IT IS SO ORDERED, this 18th day of September, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] It appears that the *factual* record in this case is sufficiently developed for the Court to make a determination of whether this action should be dismissed due to comity concerns or whether summary judgment is appropriate as to the constitutionality of the Athens-Clarke ordinance.  But the Court has not ruled on these issues since Defendants have not yet presented these precise issues to the Court.  Accordingly, Defendants shall be permitted to file such motions within 21 days of today's order.