IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| HOMEWOOD VILLAGE, LLC, HANCOCK PULASKI PROPERTIES, INC., TIFFANY & TOMATO, INC., BAXTER HARRIS, INC., OLD SOUTH INVESTMENT ENTERPRISES, LLC, and LUIS BONET,<br><br>   Plaintiffs,<br><br>vs.<br><br>UNIFED GOVERNMENT OF ATHENS-CLARKE COUNTY,<br><br>   Defendant. | *<br>*<br>*<br>*<br>*    CASE NO. 3:15-CV-23 (CDL)<br>*<br>*<br>*<br>*<br>* |

O R D E R

The Unified Government of Athens-Clarke County ("Athens-Clarke") enacted an ordinance imposing a fee on owners of developed property to fund a stormwater management program. Plaintiffs are owners of developed property in Athens, Georgia, and therefore must pay the fee. Plaintiffs contend that the stormwater fee violates their rights under the Takings Clause of the Fifth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Equal Protection Clause of the Fourteenth Amendment. All parties have moved for judgment on the pleadings (ECF Nos. 36 & 41), and the Plaintiffs have also filed a motion for summary judgment (ECF No. 47). Based on the relevant undisputed facts, the Court finds that it must abstain from

reaching the merits in this action due to comity concerns. Accordingly, this action is dismissed without prejudice.

## BACKGROUND

The Environmental Protection Agency ("EPA") required Athens-Clarke to create a program that prevents contaminated rainfall runoff from polluting nearby lakes and rivers. Athens-Clarke initially funded its stormwater management program through its general tax revenue. But in 2003, Athens-Clarke found that its general tax revenue could not sustain the cost of the stormwater program, and Athens-Clarke instead began charging a fee to owners of developed property. Athens-Clarke found that only developed properties contribute contaminated rainfall runoff (undeveloped property actually absorbs runoff), and therefore it only assesses the fee on owners of developed property.

Plaintiffs are owners of non-exempt developed property in Athens, Georgia. One plaintiff, Homewood Village, LLC, previously challenged the stormwater ordinance in state court. After Homewood refused to pay the stormwater fee, Athens-Clarke sued in state court to collect the unpaid fee. Homewood counterclaimed, arguing that the stormwater ordinance imposed an unconstitutional tax. The trial court rejected Homewood's argument. On appeal, the Georgia Supreme Court held that the ordinance imposed a constitutionally-permissible fee, and that

Athens-Clarke could require Homewood to pay the fee. *Homewood Vill., LLC v. Unified Gov't of Athens-Clarke Cty.*, 292 Ga. 514, 515, 739 S.E.2d 316, 318 (2013). Homewood, along with the other Plaintiffs, filed the present federal action asking this Court to declare the stormwater ordinance unconstitutional and prohibit Athens-Clarke from collecting the fee. Homewood and Luis Bonet also seek monetary damages pursuant to 42 U.S.C. § 1983.

Athens-Clarke previously sought dismissal of this action for lack of subject matter jurisdiction based on the Tax Injunction Act ("TIA"). The Court denied that motion, finding that the stormwater assessment was not a "tax" as contemplated by the TIA. *Homewood Village, LLC v. Unified Gov't of Athens-Clarke Cty.*, Case No. 3:15-CV-23 (CDL), 2015 WL 5559853, at *4 (M.D. Ga. Sept. 18, 2015). The Court, however, reserved ruling on whether it should abstain from reaching the merits of this dispute due to comity concerns. *Id.* For the reasons explained in the remainder of this Order, the Court decides today that this action should be dismissed on comity grounds.

## DISCUSSION

It is sometimes appropriate to dismiss an action in federal court due to comity concerns even when the Tax Injunction Act does not deprive the court of subject matter jurisdiction. *See, e.g., Direct Mktg. Ass'n v. Brohl*, 135 S. Ct. 1124, 1133-34

3

(2015) (holding that the TIA did not require dismissal and remanding to the lower court to determine if comity concerns nevertheless supported dismissal); *see also Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 424 (2010)(recognizing that "[t]he comity doctrine is more embracive than the T[ax Injunction Act].").  Concerns about comity arise from "a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in separate ways."  *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 112 (1981) (quoting *Younger v. Harris*, 401 U.S. 37, 44 (1971)).  Historically, comity concerns have been raised in actions challenging the "collection of taxes or other impositions made by state authority, upon the ground that they are illegal or unconstitutional."  *Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276, 281 (1909).  Federal district courts should be reluctant to interfere in the fiscal operations of state and local governments and must be particularly sensitive to avoid such interference when the dispute involves a constitutional challenge to a state or municipal tax or fee and an adequate remedy exists in state court.  *Id.* at 282.  These comity concerns apply regardless of whether the plaintiffs seek a declaratory judgment or damages.

4

*See McNary*, 454 U.S. at 107 ("[O]ur comity cases have thus far barred federal courts from granting injunctive and declaratory relief in state tax cases. . . . [W]e decide today that the principle of comity bars federal courts from granting damages relief in such cases . . . .").

In this action, Plaintiffs seek a declaratory judgment barring Athens-Clarke from collecting the stormwater fee. Plaintiffs also seek monetary damages. It cannot reasonably be disputed that if the Court granted Plaintiffs the relief they seek, this federal judicial action would cause a material disruption to the Athens-Clarke budget and intrude on the fiscal operations of the municipality. Athens-Clarke has decided that it is in the best interest of its citizens to fund the stormwater program by assessing a fee on owners of developed property. It has determined that a rational connection exists between the nature of these property owners and the stormwater fee. A declaratory judgment by this Court preventing Athens-Clarke from collecting these fees from Plaintiffs would require, through a federal judicial mandate, that Athens-Clarke abandon the fee system and fund the program in another way. This is precisely the type of federal judicial interference that raises comity concerns that counsel in favor of federal court abstention. *See, e.g.*, *McNary*, 454 U.S. at 114-15 (concluding

5

that comity concerns required dismissal because the relief sought would disrupt the fiscal operations of the state).

The Court recognizes that some constitutional violations can only be redressed by the interference of federal courts. Thus, before a court abstains from deciding an action on the merits due to comity concerns, it must be satisfied that an adequate remedy exists in state court to vindicate the alleged constitutional violations. *See Boise*, 213 U.S. at 282. Plaintiffs argue that any state remedies would be futile given the Georgia Supreme Court's decisions in *Homewood*, 292 Ga. at 515, 739 S.E.2d at 318, and an earlier case upholding a similar stormwater ordinance in Augusta, *McLeod v. Columbia County*, 278 Ga. 242, 242-43, 599 S.E.2d 152, 153-54 (2004). The Court finds Plaintiffs' argument unpersuasive. First, although the Georgia Supreme Court upheld the Athens-Clarke ordinance in *Homewood* and the Augusta ordinance in *McLeod,* neither opinion specifically addressed all of the particular claims that Plaintiffs assert here. Furthermore, Homewood, one of the plaintiffs in this present action, could have brought the challenges it asserts here in the earlier *Homewood* action, and the Court knows of no reason why the other plaintiffs in this present action could not assert their challenges in a future state court action. It does not matter that Georgia Supreme Court precedent suggests that such claims may be unsuccessful. Plaintiffs are not entitled to

6

a remedy that guarantees victory. What matters is "whether the state courts, if asked, generally would provide an adequate remedy . . . regardless of whether the plaintiff has taken advantage of the state remedy." *Horton v. Bd. of Cty. Comm'rs of Flagler Cty.*, 202 F.3d 1297, 1300 (11th Cir. 2000). Plaintiffs clearly have the opportunity to press their constitutional challenges to the ordinance in Georgia's state courts. If they can persuade those courts that the ordinance is unconstitutional, they will prevail. The fact that they may lose does not mean they have no adequate remedy.[1] The Court finds that an adequate remedy exists in state court.

Plaintiffs also argue that comity concerns only arise in the context of challenges to local "taxes" and not to local "fees." The seminal case of *Boise Artesian Hot & Cold Water Co. v. Boise City*, 213 U.S. 276 (1909), clearly disposes of this argument. In *Boise*, fee-payers sued a municipality to challenge the constitutionality of an ordinance imposing a *license fee*. The Supreme Court refrained from reaching the merits of the action because comity concerns required dismissal given that "every possible defense to the collection of the license fee which has been suggested by the company is available to it in" state court. *Id.* at 287. Although comity concerns frequently

---

[1] The Court also notes that the Plaintiffs would have the opportunity to seek a writ of certiorari from the United States Supreme Court if the Georgia Supreme Court ruled against them.

7

arise in challenges to local *taxes*, they can also apply to challenges to local *fees*. The key issue is not whether the ordinance imposes a tax or a fee. The relevant questions are (1) would the relief sought unduly disrupt the local government's fiscal affairs and (2) does a state remedy exist to challenge the fee. In this case, the answer to both questions is yes. Accordingly, the Court must abstain from deciding the merits of this action due to comity concerns.

## CONCLUSION

All federal district judges are anxious to vindicate and protect federal rights. However, we also have a responsibility to avoid reaching the merits of a dispute when such a decision would unduly interfere with the legitimate fiscal and budgetary activities of local and state governments and when an adequate state remedy exists to address the asserted claims. For the reasons explained in this Order, the Court abstains from deciding the merits of the claims asserted in this action due to comity concerns and dismisses this action in its entirety without prejudice. The parties shall bear their own costs.

IT IS SO ORDERED, this 1st day of April, 2016.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA